UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON,

Plaintiff,

v.   CAUSE NO. 3:23-CV-931-DRL-AZ

JOHNSTON and GALIPEAU,

Defendants.

OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, filed an amended complaint alleging he was housed in a cell with black mold at the Westville Control Unit. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges Ms. Johnson oversaw cleaning at the Westville Control Unit. He alleges she saw black mold in his cell, but did nothing to clean it during the seven months he was there. He alleges Warden Galipeau saw his cell and also did nothing. Mr. Johnson alleges he has breathing problems and uses an inhaler, but makes no mention of

if or how the black mold caused him any injury. Nor does he say if either Ms. Johnson or Warden Galipeau knew anything about how the black mold was causing him injury.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id.*

In *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), the Seventh Circuit held that "breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy" due to exposure to second-hand smoke were, "objectively speaking, relatively minor" and, as a matter of law, did not reach the level of an objectively serious injury. *Id.* at 846. In *Henderson*, no physician had diagnosed the plaintiff in "as having a medical condition that necessitated a smoke-free environment or treated him for any condition or ailment brought about by his exposure to second-hand smoke." *Id.* Though Mr. Johnson alleges he has breathing problems and uses an inhaler, he says nothing about having been diagnosed as needing a mold-free environment. Though he alleges he uses an inhaler, in *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996), the Seventh Circuit held that an asthmatic prisoner had not suffered a sufficiently serious injury to support a constitutional claim even though he "had difficulty breathing, had chest pains, wheezed, and [had] other common symptoms of an Asthma Attack" after exposure to second-hand smoke. *Id.* at 158-59 (quotations omitted).

2

This complaint does not allege facts from which it can be plausibly inferred that Mr. Johnson suffered a sufficiently serious deprivation or that either Ms. Johnson or Warden Galipeau were deliberately indifferent. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Mr. Johnson also sues Shannon Smith. He alleges she processed the grievance related to black mold in his cell. "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). "[O]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic

employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This complaint does not state a claim against Shannon Smith, and she will be dismissed.

This complaint does not state a claim for which relief can be granted. Though it seems unlikely he can do so, if Mr. Johnson believes he can state a claim against Ms. Johnson or Warden Galipeau because they did not clean the black mold in his cell at the Westville Control Unit in 2023, he may file a second amended complaint based on (and consistent with) the events described in this complaint, because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES Shannon Smith;

(2) GRANTS Dedrick Johnson until **August 22, 2024**, to file a Second amended complaint; and

(3) CAUTIONS Dedrick Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 18, 2024                                                      *s/ Damon R. Leichty*
                                                                   Judge, United States District Court