UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-931-DRL-AZ

JOHNSTON and GALIPEAU,

    Defendants.

## OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, filed a third amended complaint. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges that on March 21, 2023, both Cleaning Supervisor Johnston and Warden Galipeau separately visited him and saw the condition of his cell. He says he told both about there being black mold and sewage everywhere in the cell. He alleges he told them the odor caused him to pass out, fall, and injure himself several times. He alleges neither did anything to reduce his exposure to the black mold and sewage. He alleges he told them he has asthma and uses an inhaler. These allegations state a claim.

*See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); and *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996),

For these reasons, the court:

(1) GRANTS Dedrick Johnson leave to proceed against Cleaning Supervisor Ms. Johnston and Warden Galipeau in their individual capacities for compensatory and punitive damages for leaving him exposed to black mold and sewage in his cell at the Westville Correctional Facility in March 2023 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Johnston and Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 18);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Johnston and Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 23, 2024                              *s/ Damon R. Leichty*
                                              Judge, United States District Court